IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CARL DEAN, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | **FILED: JUNE 18 , 2008** |
| v. ) | **08CV3502** |
| ) | Judge |
| CITY OF CHICAGO, OFFICER KHALED SHAAR, ) | **JUDGE MANNING** |
| OFFICER C. TENTON, and UNKNOWN CITY ) | **MAGISTRATE JUDGE KEYS** |
| OF CHICAGO POLICE OFFICERS ) | |
| ) | **AEE** |
| Defendants. ) | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, CARL DEAN, by his attorney, KURT H. FEUER, and complaining of Defendants, the CITY OF CHICAGO, OFFICER KHALED SHAAR, OFFICER C. TENTON, and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of egregious police misconduct and abuse more fully described below, Plaintiff was beaten and suffered physical and other injuries.

**Jurisdiction and Venue**

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

### The Parties

5. Plaintiff, Carl Dean, was at all relevant times a citizen of the United States and a resident of Cook County, Illinois.

6. Defendant City of Chicago is an Illinois municipal corporation, and is and/or was the employer of each of the Defendant Officers. The City of Chicago is responsible for the acts of the Defendant Officers while employed by the City of Chicago and while acting within the scope of their employment.

7. The individual Defendants, Khaled Shaar, C. Tenton (Star No. 8363), and unknown Chicago Police officers are or were at all relevant times employed by the City of Chicago and acting within the scope of their employment..

### Background

8. On June 24, 2007, Plaintiff and his wife were driving north on Lake Shore Drive returning home from church.

9. As Plaintiff approached the exit at approximately 150 North Wacker Drive he stopped at a red light. Plaintiff's car was in the middle lane and another car pulled up next to him in the right lane.

10. The driver of the other car, who Plaintiff now knows to be Officer Khaled Shaar, got out of his vehicle and began yelling at Plaintiff, shouting "You cut me off motherfucker!"

11. The sun roof of Plaintiff's car was open and Shaar drew a pistol, jumped on Plaintiff's car, and struck Plaintiff in the face with his pistol, causing blood to gush from Plaintiff's nose.

12. Shaar then went to the driver's side of Plaintiff's car and began to punch Plaintiff with one hand while still holding the gun in the other.

13. Plaintiff began to reach for his seat belt buckle so he could get out of the car and Shaar pointed his pistol at Plaintiff's head.

14. At this point a woman who was in Shaar's car, who Plaintiff believes is Shaar's wife, came up to Shaar and told him to put away the gun. Plaintiff then got out of the car with his hands up and asked Shaar what he was doing, to which Shaar did not respond.

15. Shaar then put his pistol and belt on the curb and rushed at Plaintiff. When he got within reach, Plaintiff punched Shaar in the face, knocking him back. At this point two bystanders came up and one each restrained Shaar and Plaintiff.

16. During the altercation Plaintiff's wife called 911 and reported that her husband was being attacked by a man with a gun.

17. At no point did Shaar identify himself as a Chicago Police officer.

18. Numerous uniformed Chicago Police officers arrived, some of whom spoke to Shaar out of earshot of Plaintiff. A captain on the scene accused Plaintiff of having a gun, and officers searched Plaintiff's car and found no gun. Upon information and belief, officers found Shaar's gun at the scene.

19. An ambulance arrived and took Plaintiff to the hospital for his injuries, which included bruises, scrapes, and a loose tooth. When Plaintiff left the scene he saw Shaar sitting in a squad car.

20. After he was treated at the hospital, a police officer met Plaintiff outside of the room where he was treated and asked Plaintiff to go with him to 18th and State for questioning. Plaintiff agreed to accompany the officer.

21. Once at the police station an officer told Plaintiff for the first time that Shaar was a police officer and stated that Plaintiff would be arrested for reckless driving and battery.

22. Plaintiff gave a statement to two Detectives, who told Plaintiff that Shaar had accused Plaintiff of throwing a

4

water bottle at him.  The detectives told Plaintiff that if he admitted to throwing a water bottle at Shaar they would let him go.  Plaintiff said he never threw a water bottle at Shaar, and that he would let the matter rest if Shaar would apologize to him.

23.  After waiting at the station for some time, Plaintiff was interviewed by a female African-American Assistant State's Attorney, and Plaintiff gave a statement to her.

24.  Plaintiff was charged with battery, processed, and finally released on bond at approximately Midnight to 1 a.m. on June 25, 2007.

25.  Plaintiff's wife drove the couple's car to the station and also gave a statement to police.

26.  Plaintiff went to court in mid-August and was not represented by counsel at that hearing.  His case was held to the end of the call and an Assistant State's Attorney then met with him and told him that if Plaintiff accepted the charges against him the State would accept a sentence of time served.  Plaintiff declined the offer and stated that he wanted to prove his innocence.

27.  Plaintiff went to trial on February 14, 2008. Shaar falsely testified that Plaintiff had been driving erratically and then threw a water bottle at him.  Plaintiff testified on his own behalf.  Plaintiff was found not guilty.

5

28. Upon information and belief, Shaar was never charged with any crime despite his unprovoked and vicious attack on Plaintiff.

29. Upon information and belief, Shaar was never disciplined by the Chicago Police Department for his misconduct.

### Count I -- 42 U.S.C. Section 1983
### Excessive Force

30. Plaintiff realleges by this reference paragraphs 1 through 29 of this Complaint as if restated fully herein.

31. As described above, Officer Shaar intentionally and without any cause struck Plaintiff with his pistol and repeatedly with his fist.

32. As a result of said Defendant's unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

34. The misconduct described in this Count was undertaken by the Officer Shaar within the scope of his employment and under color of law such that his employer, the CITY OF CHICAGO, is liable for his actions.

6

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the OFFICER KHALED SHAAR and the CITY OF CHICAGO, to enter a judgment for punitive damages against OFFICER KHALED SHAAR, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- 42 U.S.C. 1983
### Claim For False Detention, Arrest, and Imprisonment

35. Plaintiff realleges by this reference paragraphs 1 through 29 of this Complaint as if restated fully herein.

36. The actions of the OFFICER KHALED SHAAR, OFFICER C. TENTON, and the UNKOWN OFFICERS in falsely detaining, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. 1983.

37. The actions of the Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, and his suffering, mental distress, and other injury, as set forth more fully above.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against OFFICER KHALED SHAAR, OFFICER C. TENTON, the UNKNOWN OFFICERS, and the CITY OF CHICAGO, to enter a judgment for punitive damages against OFFICER KHALED

SHAAR, OFFICER C. TENTON, and the UNKNOWN OFFICERS, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III -- State Law Claim
### Malicious Prosecution

38. Plaintiff realleges by this reference paragraphs 1 through 29 of this Complaint as if restated fully herein.

39. The acts of OFFICER KHALED SHAAR, OFFICER C. TENTON, and the UNKNOWN OFFICERS in creating false police reports, falsely charging Plaintiff with a traffic offense and battery, and falsely testifying against him in court caused Plaintiff to lose his liberty while under arrest and be criminally prosecuted.

40. Said actions were wrongful and wholly unjustified, and caused injury to Plaintiff, including monetary damages and emotional distress.

41. Said actions constitute the tort of malicious prosecution under the laws of the State of Illinois.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against OFFICER KHALED SHAAR, OFFICER C. TENTON, the UNKNOWN OFFICERS, and the CITY OF CHICAGO, to enter a judgment for punitive damages against OFFICER KHALED SHAAR, OFFICER C. TENTON, and the UNKNOWN OFFICERS, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT IV -- State Law Claim
### Respondeat Superior

42. Plaintiff realleges by this reference paragraphs 1 through 29 of this Complaint as if restated fully herein.

43. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

44. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT V -- State Law Claim
### Indemnification

45. Plaintiff realleges by this reference paragraphs 1 through 29 of this Complaint as if restated fully herein.

46. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

47. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

9

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff, CARL DEAN, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

_____

Kurt H. Feuer
Attorney at Law
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 243-5900